UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN COTTRELL     Plaintiff

v.     Civil Action No. 3:17-cv-00041-RGJ-CHL

DAVE GREENWELL, ET AL.     Defendants

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Cottrell brings this action against Defendants Bullitt County, Kentucky, and Bullitt County Sheriff Dave Greenwell seeking relief under 42 U.S.C. § 1983 and alleging violations of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA"), and various Kentucky laws. [DE 1-1, Compl.]. Defendants now move to dismiss the § 1983 claim and two of the state-law claims under Federal Rule of Civil Procedure 12(b)(6). [DE 10]. Defendants also move for summary judgment on the FMLA and remaining state-law claims. [DE 11]. Defendants filed a timely Response to both Motions [DE 24], and Cottrell filed a timely Reply [DE 25]. Finally, Cottrell moves for leave to file an amended complaint [DE 23], to extend the time to complete discovery [DE 32], and for leave to file a second amended complaint [DE 33]. Defendants filed timely Responses [DE 27; DE 34; DE 35], and Cottrell elected not to file any replies. Briefing is complete, and the motions are ripe. For the reasons below, the Court **DENIES** Defendants' Motion to Dismiss [DE 10]; **GRANTS** Defendants' Motion for Summary Judgment [DE 11]; **DENIES** Cottrell's Motion for Leave to File an Amended Complaint [DE 23]; **DENIES** Cottrell's Motion for Extension of Time to Complete Discovery [DE 32]; and **DENIES** Cottrell's Motion to File Second Amended Complaint [DE 33].

**BACKGROUND**

John Cottrell is the former Chief Deputy of the Bullitt County Sheriff's Department. [DE 1-1 at ¶ 1]. Cottrell served under Sheriff Dave Greenwell. *Id.* at ¶ 2. During his employment, Cottrell began investigating suspected criminal activity by Greenwell. *Id.* at ¶ 11. Over the course of a two-year investigation, Cottrell reported his findings to law-enforcement agencies, including the United States Attorney's Office. *Id.* at ¶ 13. Greenwell allegedly learned of this investigation and tried to deter Cottrell's efforts. *Id.* at ¶¶ 14–23.

Meanwhile, Cottrell injured his knee at work. *Id.* at ¶¶ 25–26. Cottrell notified Greenwell of the injury. [DE 24-2 at 343]. Cottrell sought medical attention and was restricted to desk duty. *Id.* at 344. Cottrell relayed this information to Greenwell and the Department's office manager, Myrtle French. *Id.* Cottrell told French that he intended to file a workers' compensation claim. *Id.* at 356. Cottrell also asked Greenwell if he should return to the office for desk work or take accrued sick time. *Id.* at 344. Greenwell allegedly responded "[f]ine. You can just take off." *Id.*

Cottrell later received a letter from Greenwell stating that Cottrell was terminated for absence without leave. [DE 1-1 at ¶ 34]. Cottrell alleges that Defendants' proffered reason for firing him—failure to report for duty—was mere pretext. *Id.* at ¶ 35. Cottrell claims that Greenwell terminated him for his whistleblowing activities, in violation of Ky. Rev. Stat. § 61.101 *et seq.* *Id.* at ¶¶ 6–23. Cottrell also alleges that he was terminated because of his intention to file a workers' compensation claim, in violation of Ky. Rev. Stat. § 342.197; his disability or perceived disability, in violation of Ky. Rev. Stat. § 344.010 *et seq.*; and his intention to take FMLA leave. *Id.* at ¶¶ 24–57. Cottrell contends that his termination was without the due process owed to him under Kentucky's Police Officer Bill of Rights, Ky. Rev.

Stat § 15.520, and the Fourteenth Amendment to the United States Constitution. *Id.* at ¶¶ 58–76. Cottrell seeks relief under 42 U.S.C. § 1983 for the alleged constitutional violation. *Id.*

## DISCUSSION

I. **Cottrell's Motion for Leave to File an Amended Complaint**

Cottrell moved to hold the case in abeyance. [DE 13]. Cottrell argued that a stay was necessary because his failure to provide detailed information about his claim under Ky. Rev. Stat. § 61.101 *et seq.* was attributable to Federal Rule of Criminal Procedure 6(e). Rule 6(e) lists certain persons who are barred from disclosing confidential matters occurring before a grand jury. *Id.* at 209. In a November 21, 2017 order, the Court denied Cottrell's Motion, reasoning that "Rule 6(e) does not reach as broadly as Cottrell claim[ed]." [DE 18 at 281]. The Court ordered Cottrell to respond to Defendants' pending motions. *Id.* at 281–82. Cottrell has now responded. [DE 24]. However, Cottrell has also moved for leave to file an amended complaint, in which he seeks to add significant factual detail and a claim under Kentucky's wage-and-hour law, Ky. Rev. Stat § 337 *et seq*. [DE 23]. Defendants argue that Cottrell's Motion is untimely under the Court's Scheduling Order, which instructs that "[a]ny motion to amend pleadings or motion to join additional parties shall be filed **no later than June 15, 2017**." [DE 27 at 471, citing DE 9 at 46].

"Seeking leave to amend a complaint after the scheduling order's deadline implicates two Federal Rules of Civil Procedure, Rule 15 and Rule 16." *Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016). Rule 15 provides that a plaintiff may amend his pleading with leave of the court and that leave should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 16 states that a district court can modify its scheduling order "only for good cause." *Id.* at 16(b)(4). Thus, "a party seeking leave to amend after the scheduling

3

order's deadline must meet Rule 16's good-cause standard in order for the [Court] to amend the scheduling order." *Carrizo*, 661 F. App'x at 367 (citing *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003)). This requires the plaintiff to establish that "despite [his] diligence [he] could not meet the original deadline." *Leary*, 349 F.3d at 907. As part of this inquiry, prejudice to the defendant is a "relevant consideration." *Id.* at 906.

Cottrell fails to support his Motion with any arguments. This alone justifies denial of his Motion. *See Banks v. Bosch Rexroth Corp.*, No. 5:12–345–DCR, 2014 WL 868118, at *8 (E.D. Ky. Mar. 5, 2014) ("Without more than an argument to general principles of fairness and no mention of good cause, this request fails the requirements of Rule 16(b)."). The Court has already denied Cottrell's motion to hold the case in abeyance. [DE 18]. Cottrell fails to show why he did not file his first Motion to Amend until January 12, 2018—nearly two months following the Court's Order. [DE 23]. Defendants have also shown that prejudice would result from allowing Cottrell to amend at this stage of the litigation. [DE 27 at 472]. Cottrell's Motion for Leave to File a Second Amended Complaint [DE 33] suffers from similar infirmities. For these reasons, Cottrell's Motions [DN 23; DN 33] are denied.

## II. Defendants' Motion to Dismiss

### A. Legal Standard

First, Defendants move to dismiss Cottrell's § 1983 claim and two of his state-law claims under Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) instructs that a court must dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). To state a claim properly, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When considering a motion to dismiss, courts must presume all factual allegations in the

4

complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (internal quotation marks and citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed . . . if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561–64).

**B. Ky. Rev. Stat. § 61.102**

Defendants argue that Cottrell's claim under Kentucky's Whistleblower Act, Ky. Rev. Stat. § 61.102, fails to satisfy federal pleading standards. [DE 11-1 at 245–46]. To state a claim under the Kentucky Whistleblower Act, Cottrell must plausibly allege four elements:

> (1) the employer is an officer of the state; (2) the employee is employed by the state; (3) the employee made or attempted to make a good faith report or disclosure of a suspected violation of state or local law to an appropriate body or authority; and (4) the employer took action or threatened to take action to

5

discourage the employee from making such a disclosure or to punish the employee for making such a disclosure.

*Davidson v. Ky. Dep't of Military Affairs*, 152 S.W.3d 247, 251 (Ky. Ct. App. 2004); *see also* Ky. Rev. Stat. § 61.102(1). Cottrell alleges that he was an employee of the Commonwealth and that Greenwell is an officer of the Commonwealth. [DE 1-1 at ¶¶ 1–2]. Cottrell asserts that he reported Greenwell's "involve[ment] in serious criminal activity" to "law enforcement agencies, employees and agents of law enforcement agencies and to 'appropriate authorities,'" and that he was consequently terminated. *Id.* at ¶¶ 11–21. Cottrell also provides details about Greenwell's alleged attempt to prevent Cottrell from making such disclosures. *Id.*

Based on the Complaint, it is plausible that Cottrell's termination resulted from his reporting of Greenwell's alleged criminal activity. *See Twombly*, 550 U.S. at 570. Contrary to Defendants' argument, Cottrell need not mention which agency he reported to or detail the specifics of Greenwell's alleged criminal activity to survive their Motion to Dismiss. The Court has found a complaint sufficient to survive a motion to dismiss in similar circumstances.[1] *See Harmon v. Green-Taylor Water Dist.*, No. 1:17-CV-00071-GNS, 2017 WL 2312695, at *2 (W.D. Ky. May 26, 2017). Construing the Complaint and drawing all reasonable inferences in Cottrell's favor, the Court therefore denies Defendants' Motion to Dismiss Cottrell's claim under the Kentucky Whistleblower Act.

**C. Ky. Rv. Stat. § 15.520**

Defendants also contend that Cottrell's claim under Ky. Rev. Stat. § 15.520, often called the Police Officer's Bill of Rights, fails as a matter of law. [DE 11-1 at 247–54]. Section 15.520 details procedural protections a department owes to officers "in certain disciplinary matters."

---

[1] Defendants could have moved for a more definite statement under Federal Rule of Civil Procedure 12(e) if they were concerned with the precision of Cottrell's assertions.

6

Ky. Rev. Stat. § 15.520(2). One such matter is "[w]hen an officer is accused of an act or omission that would constitute a violation of law enforcement procedures." *Id.* at § 15.520(4)(a). That said, Subsection (4)'s protections do not apply when the department is "addressing conduct by the officer that would constitute a violation of the general employment policies of the employing agency." *Id.* at § 15.520(4)(c).

Defendants argue that Cottrell's termination does not implicate § 15.520 because he was fired for his refusal to show up to work, a violation of the Department's "general employment policies." [DE 11-1 at 250]. Yet Cottrell maintains that he was also terminated because of an allegation that he used his Department-issued taser on his girlfriend. [DE 1-1 at ¶ 65]. Such an act would constitute a "violation of law enforcement procedures." *See* Ky. Rev. Stat. § 15.520(4)(a). Thus, Cottrell argues he was owed procedural protection under § 15.520(4). [DE 1-1 at ¶ 65].

Defendants respond that even if Cottrell's contention is true, his claim fails as a matter of law because they granted Cottrell all the process he was due under § 15.520(4). [DE 11-1 at 251–54]. Subsection (4) states:

> (a) When an officer is accused of an act or omission that would constitute a violation of law enforcement procedures by any individual within the law enforcement agency employing the officer, including supervisors and elected or appointed officials of the officer's employing agency, the employing agency shall conform the conduct of any investigation to the provisions of subsection (5) of this section, shall formally charge the officer in accordance with subsection (6) of this section, and shall conduct a hearing in accordance with subsection (7) of this section before any disciplinary action shall be taken against the officer.

Ky. Rev. Stat. § 15.520(4)(a). Subsection (5), which concerns investigations into allegations of officer misconduct, stipulates certain actions that a department cannot take during an investigation. *Id.* at § 15.520(5). Defendants maintain, and the Court agrees, that Cottrell's

Complaint fails to allege that Defendants took any of these forbidden actions. [DE 11-1 at 251–53]. Defendants also contend that the remaining protections outlined in Subsection (4)—*i.e.*, the protections detailed in Subsections (6) and (7)—are not implicated because those protections pertain only to official charges and hearings conducted following official charges. [DE 11-1 at 253–54]. Defendants assert the protections outlined in Subsections (6) and (7) do not apply because they never charged Cottrell with the alleged misconduct. *Id.*

Subsection (4)'s protections, however, apply "when an officer is *accused*" of violating law-enforcement procedures. Ky. Rev. Stat. § 15.520(4)(a) (emphasis added). Defendants' reading ignores Subsection (4)'s clear mandate that before taking *any* disciplinary action based on officer misconduct, the Department must charge the officer and conduct a hearing on the charge. Ky. Rev. Stat. § 15.520(4)(a); *see also City of Munfordsville v. Sheldon*, 977 S.W.2d 497, 499 (Ky. 1998) ("Rather, our holding merely forbids a mayor or other local executive authority from receiving a citizen's complaint against a police officer, then firing the officer based on that complaint, without ever affording the officer a right to publicly defend against the complaint as required by KRS 15.520."). Thus, if Defendants fired Cottrell because of the alleged taser misconduct before charging him, they violated § 15.520. Because Cottrell has alleged that his misuse of a taser influenced Greenwell's decision to fire him, his § 15.520 claim does not fail as a matter of law. For these reasons, the Court denies Defendants' Motion to Dismiss Cottrell's § 15.520 claim.

**D. Section 1983 Claim**

Defendants also move to dismiss Cottrell's § 1983 claim. [DE 10-1 at 224–227]. To establish a procedural due process claim under § 1983, a plaintiff must show:

> (1) that [he had] a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution [], (2) that [he was] deprived of this protected interest within the meaning of the Due Process Clause, and (3) that the state did not afford [him] adequate procedural rights prior to depriving them of their protected interest.

*Med Corp., Inc. v. City of Lima*, 296 F.3d 404, 409 (6th Cir. 2002) (internal quotation marks and citation omitted). To establish a property interest, a plaintiff "must point to some policy, law, or mutually explicit understanding that both confers the benefit and limits the discretion of the [defendant] to rescind the benefit." *Id.* at 410.

Because the Court finds that Cottrell may proceed with his claim under the Police Officer's Bill of Rights, the Court cannot conclude from the face of the Complaint that Cottrell failed to point to a state-created property interest that may support a § 1983 claim. *See Perry v. City of Oak Grove*, 2011 WL 5525936, at *3 (W.D. Ky. Nov. 14, 2011) ("If [§ 15.520] is inapplicable, then Perry is an at-will employee and he has no protectable property interest under the Fourteenth Amendment."). Defendants make no argument about whether § 15.520 may support a procedural due process claim. [DE 10-1]. The Court therefore denies Defendants' Motion to Dismiss Cottrell's § 1983 claim.

## II. Defendants' Motion for Summary Judgment

### A. Legal Standard

Defendants also move for summary judgment on Cottrell's FMLA and remaining state-law claims. Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party must produce specific facts showing a

9

material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). "Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion." *Bell v. City of E. Cleveland*, 125 F.3d 855 (6th Cir. 1997) (citing *Liberty Lobby*, 477 U.S. at 252).

A district court considering a motion for summary judgment may not weigh evidence or make credibility determinations but must view the evidence and draw all reasonable inferences in a light most favorable to the non-moving party. *Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). The non-moving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must show a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. Pro. 56(c)(1)(A)–(B); *see also Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 132 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Liberty Lobby*, 477 U.S. at 252.

### B. Ky. Rev. Stat. § 344.010

The Kentucky Civil Rights Act ("KCRA") forbids employers from terminating an employee because of a disability. Ky. Rev. Stat. § 344.040. Cottrell "bears the initial burden of establishing a *prima facie* case of disability discrimination against the defendant." *Hallahan v. The Courier-Journal*, 138 S.W.3d 699, 706 (Ky. Ct. App. 2004) (emphasis added). To meet his burden, Cottrell must show:

(1) that he had a disability as that term is used under the statute . . . ; (2) that he was "otherwise qualified" to perform the requirements of the job, with or without reasonable accommodation; and (3) that he suffered an adverse employment decision because of the disability.

*Id.* If Cottrell establishes a prima facie case, "the burden shifts to [Defendants] to articulate a 'legitimate nondiscriminatory' reason for [their] action." *Brooks v. Lexington-Fayette Urban Cty. Housing Auth.*, 132 S.W.3d 790, 797 (Ky. 2004). Because the language of the KCRA mirrors that of the federal Americans with Disabilities Act ("ADA"), "claims brought under the KCRA are interpreted consistently with the standards developed under the ADA." *Bryson v. Regis Corp.*, 498 F.3d 561, 574 (6th Cir. 2007) (citations omitted).

The KCRA defines "disability" as "(a) [a] physical or mental impairment that substantially limits one (1) or more of the major life activities of the individual; (b) [a] record of such an impairment; or (c) [b]eing regarded as having such an impairment." Ky. Rev. Stat. § 344.010(4). Cottrell maintains that Subsections (a) and (c) are satisfied. [DE 24 at 325–26]. Defendants contend that Cottrell fails to show an impairment that substantially limited a major life activity or that he was regarded as having such an impairment. [DE 11-1 at 260].

The term "major life activity" under the KCRA includes the ability to work. *See Howard Baer, Inc. v. Schave*, 127 S.W.3d 589, 592–93 (Ky. 2003). Even so,

> [t]he issue of whether a plaintiff's impairment substantially limits the major life activity of working involves a multi-level analysis of the particular plaintiff's job skills and the nature of the jobs he was prevented from performing as well as those he is still able to perform. The inquiry looks to the specific plaintiff's education level, training, job skills, expertise, and knowledge in relation to his actual and potential employment status.

*Hallahan*, 138 S.W.3d at 708 (citations omitted). Cottrell must also "show that his impairment significantly restricts his ability to perform either a class of jobs or a broad range of jobs, and not just his current or a single job." *Id.* at 709.

11

Cottrell maintains that he was "disabled" because he "could not perform the strenuous physical activities required of his job." [DE 24 at 325]. But the KCRA requires more. For example, Cottrell fails to show that his knee injury prevented him from performing a class of jobs or a broad range of jobs. Indeed, Cottrell worked a second job during the time at issue. [DE 11-8; DE 11-10]. This second job utilized Cottrell's skills as a trained law-enforcement officer and requires a finding for Defendants. *See Hallahan*, 138 S.W.3d at 710 (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492 (1999) ("If jobs utilizing an individual's skills (but perhaps not his or her unique talents) are available, one is not precluded from a substantial class of jobs."). Because Cottrell presents no evidence that his injury prevented him from working a class of jobs or a broad range of jobs, he fails to meet the statutory definition of disability.

As a result, Cottrell's KCRA claim fails as a matter of law unless he can show that Defendants regarded him as disabled. *See* Ky. Rev. Stat. § 344.010(4). To make this showing, Cottrell "must demonstrate not only that the employer thought that he was impaired in his ability to do the particular job, but also that the employer regarded him as substantially impaired in either a class of jobs or a broad range of jobs in various classes." *Hallahan*, 138 S.W.3d at 709 (citations omitted). The mere fact that Defendants knew about Cottrell's medical problems is insufficient to establish that they regarded him as having a disabling impairment. *See id.* at 708.

Viewed in a light most favorable to Cottrell, the record shows that Defendants knew that Cottrell had injured his knee and would require time off from work. [DE 24-2 at 344]. That said, Cottrell fails to point to any portion of the record suggesting that Defendants regarded Cottrell as "disabled"—*i.e.*, that they believed he was unable to work a class of jobs or a broad range of jobs. *See* [DE 24 at 326]. The Court therefore grants Defendants' Motion for Summary Judgment for Cottrell's KCRA claim.

### C. Ky. Rev. Stat. § 342.197

Kentucky Revised Statutes § 342.197 forbids an employer from discharging an employee for filing or pursuing a workers' compensation claim. To succeed on a claim under § 342.197, a plaintiff must show that "(1) he engaged in a protected activity; (2) the defendant knew that the plaintiff had done so; (3) adverse employment action was taken; and (4) that there was a causal connection between the protected activity and the adverse employment action." *Dollar General Partners v. Upchurch*, 214 S.W.3d 910, 915 (Ky. Ct. App. 2006) (quoting *Brooks v. Lexington–Fayette Urban Cty. Hous. Auth.*, 132 S.W.3d 790 (Ky. 2004)). Defendants acknowledge that Cottrell engaged in protected activity when he pursed workers' compensation, and there is no dispute that Cottrell's termination constituted an adverse employment action. Yet Defendants argue that Cottrell failed to satisfy elements (2) and (4). [DE 11-1 at 262–63].

Because proof of a causal connection can be difficult, Cottrell must, at a minimum, show that "(1) the decision maker responsible for making the adverse decision was aware of the protected activity at the time that the adverse decision was made, and (2) there is a close temporal relationship between the protected activity and the adverse action." *Upchurch*, 214 S.W.3d at 915 (citations omitted). Viewed in a light most favorable to Cottrell, the record shows that office manager Myrtle French was aware of Cottrell's intention to file a workers' compensation claim. [DE 24-3 at 366]. Yet Cottrell presents no evidence that Greenwell—the decision-maker responsible for terminating him—knew of this intention. Cottrell argues that "Greenwell knew about [Cottrell's] knee, that [Cottrell] had injured it on the job . . . and [that] worker[s'] compensation was a risk." [DE 24 at 330]. Even so, the fact that Greenwell was aware of the risk does not mean that Greenwell knew that Cottrell intended to file a worker's compensation claim. Cottrell presents no evidence that French told Greenwell about Cottrell's

13

intention to file a workers' compensation claim, and the Court declines to infer knowledge on the part of Greenwell simply because French was his office manager.[2]

Cottrell's argument, that he needs more discovery so "the truth will come out" and the "many alleged texts" will reveal the requisite knowledge, does not defeat summary judgment. [DE 24 at 330–31]. A non-moving party who asserts that facts necessary to avoid summary judgment are not yet available must "show[] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). Such a request must be specific. *See Ironside v. Simi Valley Hosp.*, 188 F.3d 350, 354 (6th Cir. 1999) ("Plaintiff's affidavit makes only general and conclusory statements regarding the need for more discovery and does not show how an extension of time would have allowed [relevant] information . . . to be discovered."). Cottrell's unsupported assertion that summary judgment would be premature does not satisfy Rule 56(d).

Beyond the requisite causal connection, Cottrell must show that his protected activity was a "substantial and motivating factor in the decision to terminate" him. *Upchurch*, 214 S.W.3d at 915 (internal quotation marks and citation omitted). He makes no such showing. The Court therefore grants Defendants' Motion for Summary Judgment for Cottrell's § 342.197 claim.

**D. 29 U.S.C. § 2601 *et seq.***

The FMLA grants an eligible employee twelve weeks of leave during any twelve-month period for "a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA makes it unlawful "for any employer to interfere with, refrain, or deny the exercise of or the attempt to exercise,

---

[2] Indeed, the evidence suggests that French did not relay this information to Greenwell. Greenwell was out on sick leave himself during the events at issue. [DE 24-3 at 372].

any right provided under [the FMLA]." *Id.* at § 2615(a)(1). It is also unlawful for an employer to retaliate against an employee for requesting FMLA leave. *Id.* at § 2615(b).

Under either an interference or a retaliation theory of recovery, Cottrell must show that he suffered from a "serious health condition." *See Palmer v. Cacioppo*, 429 F. App'x 491, 496 (6th Cir. June 28, 2011). Defendants argue that summary judgment is warranted because Cottrell fails to make this threshold showing. [DE 11-1 at 266]. The FMLA defines "serious health condition" as "an illness, injury, impairment, or physical or mental condition that involves– A) inpatient care in a hospital, hospice, or residential medical care facility; or B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11)(A)–(B). Cottrell's Complaint implicates only the continuing-treatment prong. [DE 1-1]. To succeed under this prong, Cottrell must show that he was "incapacitated" for the period when he requested leave. 29 C.F.R. § 825.115(a). "[I]ncapacity means inability to work, attend school or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom." *Id.* at § 825.113(b). Cottrell's claim focuses solely on his "inability to work." [DE 1-1].

Defendants argue that Cottrell cannot show an inability to work because he admitted that he kept working "off-duty" jobs. [DE 11-1 at 266 (citing [DE 11-8; DE 10]). The Court agrees. A plaintiff is not "incapacitated" under the FMLA if he can work.[3] 29 C.F.R. § 825.113(b); *see Alcegaire v. JBS USA, LLC*, No. 3:15-cv-266-DJH-CHL, 2017 WL 4288882, at *3 (W.D. Ky. Sept. 27, 2017); *Whitworth v. Consol. Biscuit Co.*, No. 6:06-112-DCR, 2007 WL 1075774, at *9

---

[3] The Sixth Circuit has held that "a person can be incapacitated despite being able to do some of her regular work"—*i.e.*, a plaintiff need not show a complete inability to work to proceed with an FMLA claim. *Branham v. Gannett Satellite Info. Network, Inc.*, 619 F.3d 563, 569–70 (6th Cir. 2010); *see also Greer v. Cleveland Clinic Health Sys.-E. Region*, 503 F. App'x 422, 428 (6th Cir. 2012). While neither case is controlling here because *Greer* and *Branham* were decided under prior FMLA regulations that defined "incapacity" as the inability to "perform the functions of the position of such employee," *Branham*, 619 F.3d at 569, they nonetheless provide guidance on the issues.

(E.D. Ky. Apr. 6, 2007) ("[T]he possibility that a person can work removes FMLA protection."). For these reasons, Cottrell's FMLA claim fails and the Court grants Defendants' Motion for Summary Judgment for this claim.

### III. Cottrell's Motion for Extension of Time to Complete Discovery

Finally, Cottrell moves for an extension of time to complete discovery. [DE 32]. The Court previously denied Cottrell's earlier Motion to Hold Case in Abeyance [DE 13], and discovery was set to conclude on January 1, 2019. Cottrell filed the instant Motion before the Court ruled on Cottrell's Motions to amend his Complaint [DE 23; DE 33]. Because the Court has now denied Cottrell's Motions to amend, and Cottrell has not otherwise shown good cause for delaying the established discovery deadlines, the Court will deny his Motion.

### CONCLUSION

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Defendants' Motion to Dismiss [DE 10] is **DENIED**;

(2) Defendants' Motion for Summary Judgment [DE 11] is **GRANTED**;

(3) Cottrell's Motion for Leave to File an Amended Complaint [DE 23] is **DENIED**;

(4) Cottrell's Motion for Extension of Time to Complete Discovery [DE 32] is **DENIED**; and

(4) Cottrell's Motion for Leave to File a Second Amended Complaint [DE 33] is **DENIED**.

Cc: Counsel of record