UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHN COTTRELL                                                                                    Plaintiff

v.                                                                    Civil Action No. 3:17-cv-00041-RGJ-CHL

DAVE GREENWELL, ET AL.                                                                    Defendants

\* \* \* \* \*

### **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on motions in limine and other pretrial objections filed by Plaintiff John Cottrell ("Cottrell"), and Defendants Bullitt County, Kentucky, and Bullitt County Sheriff Dave Greenwell in his individual and official capacities (collectively "Defendants"). Defendants move in limine to exclude testimony or evidence related to the financial condition of the parties, liability insurance, and emotional damages. [DE 112]. Cottrell moves in limine to preclude testimony or evidence related to his criminal prosecution, a situation involving a taser and his now wife, Greenwell's acquittal, other bad acts evidence, and "Hit the Lottery" comments. [DE 113]. Defendants supplementarily move in limine to exclude testimony or evidence of future lost wages. [DE 120]. Cottrell also moves to certify the question of damages under the Kentucky Whistleblower Act, KRS 61.101, to the Kentucky Supreme Court. [DE 124]. Defendants responded to Cottrell's motions in limine and motion to certify. [DE 125]. Cottrell responded to Defendants' motions [DE 126] and objects to Defendants' Exhibit List [DE 127] and Witness List [DE 128]. Defendants object to Cottrell's Exhibit and Witness Lists. [DE 129; DE 132]. The Court heard argument on these matters at the pretrial conference. For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the motions and objections.

## I. STANDARD ON MOTIONS IN LIMINE

Federal district courts have the power to exclude irrelevant, inadmissible, or prejudicial evidence in limine under their inherent authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). That said, the "better practice" is to defer evidentiary rulings until trial unless the evidence is clearly inadmissible on all potential grounds. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975); *Jonasson v. Lutheran Child & Fam. Servs.*, 115 F.3d 436, 440 (7th Cir. 1997); *Bouchard v. Am. Home Prod. Corp.*, 213 F. Supp. 2d 802, 810 (N.D. Ohio 2002) (citing *Luce*, 469 U.S. at 41 n. 4). This posture is favored so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). When this Court issues a ruling in limine, it is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd,* 469 U.S. 38 (1984)). Thus, even where a motion in limine is denied, the Court may return to its ruling at trial "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239). Likewise, the Court has discretion to alter or amend a prior in limine ruling at trial. *Luce*, 469 U.S. at 41–42.

## II. DISCUSSION

The factual background was set forth in the Court's summary judgment order [DE 99] and is incorporated by reference. The relevant facts for each motion are discussed below.

**A. Defendants' Motion in Limine to Exclude Evidence of Financial Condition. [DE 112]**

Defendants move to exclude Cottrell from presenting evidence of the financial condition or status of either party at trial as irrelevant. [DE 112 at 1349-50]. Cottrell objects to the motion to the extent that he needs this evidence to prove damages of lost wages. [DE 126 at 1491]. As

discussed in the pretrial conference, Cottrell may discuss his lost wages to prove damages but may not discuss his financial hardship or the financial disparity of the parties. [Final Pretrial Conference Transcript 19:6-20:18]. *See City of Cleveland v. Peter Kiewit Sons' Co.*, 624 F.2d 749, 755–59 (6th Cir. 1980) (quoting *Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978)) ("Appealing to the sympathy of jurors through references to financial disparity is improper"). As a result, Defendants' Motion in Limine to Exclude Evidence of the Financial Condition of a Party [DE 112] is **GRANTED**.

### B. Defendants' Motion in Limine to Exclude Reference to Liability Insurance. [DE 112].

Defendants move to exclude evidence "regarding the existence of liability insurance for the claims asserted in this action." [DE 112 at 1350]. Cottrell does not oppose. [Final Pretrial Conference Transcript 20:19-25]. As a result, and based on Federal Rule of Evidence 411, Defendants' Motion in Limine to Exclude Reference Liability Insurance [DE 112] is **GRANTED**.

### C. Defendants' Motion in Limine to Exclude Other Claims or Lawsuits. [DE 112].

Defendants move to exclude evidence "regarding the existence of claims or other lawsuits against Bullitt County and/or its agents." [DE 112 at 1350]. Cottrell does not oppose this motion. [Final Pretrial Conference Transcript 21:2-6]. As a result, Defendants' Motion in Limine to Exclude Any Reference to Other Claims or Lawsuits [DE 112] is **GRANTED**.

### D. Defendants' Motions in Limine to Exclude Testimony and Evidence related to Emotional Damages and Future Lost Wages. [DE 112; DE 120].

    *1. Background*

Defendants move to exclude testimony or evidence related to Cottrell's "alleged mental and/or emotional damages" and future lost wages (or "front pay" damages). [DE 112 at 1351; DE 120 at 1430]. Defendants argue that Cottrell cannot recover emotional or future lost wages

3

damages, because such damages are unavailable under either statute that Cottrell seeks recovery under, the Kentucky Whistleblower Act, KRS 61.101, or Kentucky Wage and Hour Act, KRS 337, and therefore testimony or evidence related to such damages are irrelevant and prejudicial. [DE 112 at 1351-53; DE 120 at 1430-32]. In response, Cottrell moved to certify questions to the Kentucky Supreme Court, arguing that, while the question of availability of emotional and future wages damages under the Kentucky Whistleblower Act had been presented to the Kentucky Supreme Court, the two damages issues were errantly decided by the Kentucky Court of Appeals and remain undecided by the Supreme Court of Kentucky. [DE 124-1 at 1456]. Cottrell moves the Court to certify the following two questions to be answered by the Kentucky Supreme Court:

> The first question is "are mental anguish damages allowed to go to the jury in Kentucky Whistleblower Act cases brought pursuant to KRS 61.101 et. seq.?"
>
> The second question is "are trial courts allowed to award front pay damages in lieu of injunctive relief in Kentucky Whistleblower Act cases brought pursuant to KRS 61.101 et. seq.?"

[DE 124 at 1454]. Cottrell also responded to Defendants' Motion in Limine, incorporating his motion to certify and citing *Barber v. Louisville & Jefferson Cty. Metro. Sewer Dist.*, No. 3:05-CV-142-R, 2007 WL 121353, at *1 (W.D. Ky. Jan. 12, 2007). [DE 126 at 1492-93].

    2. *Standard*

Federal district courts may certify a question of Kentucky law to the Kentucky Supreme Court when (1) there is no controlling precedent from the Kentucky Supreme Court or any Kentucky Court of Appeals, and (2) the question may be determinative of the case pending before the federal court. Ky. R. Civ. P. 76.37. The decision to use this procedure rests within the district court's discretion. *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995). "Resort to the certification procedure is most appropriate when the question is new and state law

4

is unsettled." *Transamerica Ins. Co.*, 50 F.3d at 372.  A district court should not certify a question of state law if it has "a reasonably clear and principled course" to follow.  *Pennington v. State Farm Mut. Auto. Ins. Co*, 553 F.3d 447, 450 (6th Cir. 2009) (internal quotation marks omitted).  Federal courts "generally will not trouble . . . sister state courts every time an arguably unsettled question of state law comes across [their] desks."  *Id.* at 450 (citations omitted).  Even "where there is doubt as to local law and where the certification procedure is available, resort to it is [not] obligatory."  *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91 (1974).

   3. *Analysis*

In 2019, the Kentucky Court of Appeals spoke on the subject of emotional and front pay damages under the Kentucky Whistleblower Act: "[d]amages for mental anguish are not recoverable under the Whistleblower Act . . . [and] [t]he Court finds no error in the trial court's denial of front pay because there is no statutory authority for awarding it."  *Univ. of Louisville v. Harper*, 576 S.W.3d 595, 599, 601 (Ky. Ct. App. 2019).

> In reaching this decision, the Court of Appeals of Kentucky clearly explained its reasoning:
>
> The Court identified the exclusive list of recoverable damages authorized by the legislature when it created the Whistleblower Act, stating: "KRS 61.103(2) provides that employees alleging a violation of KRS 61.102(1) or (2) may bring a civil action for appropriate *injunctive relief* or *punitive damages* or both. KRS 61.990(4) states that the Court "shall order, as it considers appropriate, reinstatement of the employee, the payment of *back wages*, full *reinstatement of fringe benefits* and *seniority rights*, exemplary or *punitive damages*, or any combination thereof." *Vinson*, 30 S.W.3d at 165 (emphasis added). "It is a primary rule of statutory construction that the enumeration of particular things excludes the idea of something else not mentioned." *Fiscal Court of Jefferson County v. Brady*, 885 S.W.2d 681, 685 (Ky. 1994) (quoting *Smith v. Wedding*, 303 S.W.2d 322, 323 (Ky. 1957)). Damages for mental anguish is not among the remedies identified as recoverable in an action brought pursuant to the Whistleblower Act.

*Id.* at 599 (emphasis in original).  This decision, published after *Barber*, 2007 WL 121353, and citing Kentucky Supreme Court precedent, leaves this Court with a reasonably clear and principled

course to follow: when the statute enumerates a list of damages, only those enumerated damages are available to a plaintiff bringing suit under that statute. *University of Louisville*, 576 S.W.3d at 599, 601.  Both the Kentucky Whistleblower and Wage and Hour Acts enumerate the damages available to a plaintiff, and neither damages for mental anguish nor damages for future lost wages are among those.[1]  Therefore, Cottrell's Motion to Certify Questions to Kentucky Supreme Court [DE 124] is **DENIED**.

However, any argument about whether reinstatement or front pay is appropriate here is premature.  Front pay is not available as a statutorily listed remedy under the Kentucky Whistleblower Act.  *University of Louisville*, 576 S.W.3d at 601.  The statutorily listed remedy that Cottrell argues is appropriate under the Kentucky Whistleblower Act is reinstatement.  The decision whether to grant equitable remedy, such as reinstatement, is a one to be made by the trial court rather than the jury.  *Brooks v. Lexington-Fayette Urb. Cty. Hous. Auth.*, 132 S.W.3d 790, 806 (Ky. 2004), *as modified on denial of reh'g* (May 20, 2004).   Here, whether injunctive relief is appropriate depends on the jury's determination of Cottrell's Whistleblower claim at trial.

---

[1] The Kentucky Whistleblower Act provides, in relevant part:

> A court, in rendering a judgment in an action filed under KRS 61.102 and 61.103, shall order, as it considers appropriate, reinstatement of the employee, the payment of back wages, full reinstatement of fringe benefits and seniority rights, exemplary or punitive damages, or any combination thereof. A court may also award the complainant all or a portion of the costs of litigation, including reasonable attorney fees and witness fees.

KRS § 61.990(4).  The Kentucky Wage and Hour Act, provides, in relevant part:

> Except as provided in subsection (3) of this section, any employer who pays any employee less than wages and overtime compensation to which such employee is entitled under or by virtue of KRS 337.020 to 337.285 shall be liable to such employee affected for the full amount of such wages and overtime compensation, less any amount actually paid to such employee by the employer, for an additional equal amount as liquidated damages, and for costs and such reasonable attorney's fees as may be allowed by the court.

KRS § 337.385(1).

Therefore, arguments regarding whether front pay is appropriate in lieu of reinstatement are premature and the issue of reinstatement may be raised post-trial if appropriate. At that time the Court will determine, if raised, whether reinstatement is available under the circumstances, and if not, determine an appropriate equitable remedy.

Because Cottrell cannot recover damages for mental anguish, and because any argument regarding reinstatement would be a decision for the Court to decide after trial, testimony and evidence related to these would be irrelevant at trial unless offered for a separate purpose.

For these reasons, and as set forth above, Defendants' Motions in Limine to Exclude Testimony and Evidence Related to Emotional Damages [DE 112] and Future Lost Wages [DE 120] are **GRANTED** and Cottrell's Motion to Certify Questions to Kentucky Supreme Court [DE 124] is **DENIED**.

### E. Cottrell's Motion in Limine to Preclude Any Testimony or Evidence Related to Cottrell's Criminal Prosecution. [DE 113].

Cottrell moves to preclude any testimony or evidence related to his criminal prosecution because they are irrelevant and more prejudicial than probative. [DE 113 at 1354]. Defendants do not oppose this motion. [DE 125 at 1488]. As a result and based on Federal Rules of Evidence 401 and 403, Cottrell's Motion in Limine to Preclude Any Testimony and Evidence Related to Cottrell's Criminal Prosecution [DE 113] is **GRANTED**.

### F. Cottrell's Motion in Limine to Preclude Any Testimony or Evidence Related to the Taser Incident. [DE 113].

Cottrell moves to preclude evidence "regarding the situation involving the taser and his now wife" because they are irrelevant and more prejudicial than probative. [DE 113 at 1355]. Defendants do not oppose this motion. [DE 125 at 1488]. As a result and based on Federal Rules

of Evidence 401 and 403, Cottrell's Motion in Limine to Preclude Any Testimony or Evidence Related to a Taser Incident [DE 113] is **GRANTED**.

### G. Cottrell's Motion in Limine to Preclude Any Testimony that David Greenwell was acquitted. [DE 113].

*1. Background*

Cottrell was the Chief Deputy of the Bullitt County Sheriff's Department ("BCSO") from January 2011 to October 2016. [DE 91-1 at 1021]. Cottrell served under Sheriff Greenwell. *Id.* In May 2014, federal agents stopped a Kentucky man in Riverside, California and recovered more than $420,000 from hidden compartments within his vehicle. [DE 24-2 at 336]. Federal agents determined that the vehicle was registered to Leonard Mattingly ("Mattingly"). [DE 89-2 at 889]. Mattingly operated a car dealership in Bullitt County and was friends with Greenwell. *Id.* Federal agents contacted Michael Halbleib ("Halbleib"), captain of BCSO's drug task force. *Id.* Based on his conversation with the federal agents, Halbleib believed that they were "trying to tie this vehicle and the Mattinglys into the Mexican cartel." *Id.* Cottrell told Halbleib to investigate Mattingly and the relationship between Mattingly and Greenwell. *Id;* [DE 24-2 at 337]. Greenwell was indicted on five federal charges: one count aiding and abetting in a conspiracy to distribute marijuana, and four counts of attempting to obstruct or impede a federal investigation. [DE 108, Greenwell's Pre-Trial Memorandum, at 1336]. A federal jury acquitted Greenwell of all charges. [*Id.*].

Cottrell argues that the Whistleblowing statute requires a "'good faith' report or disclosure of a 'suspected violation' of law to an appropriate body or authority" rather than a criminal conviction, and that informing the jury that Greenwell was acquitted will confuse the issues and prejudice the Plaintiff. [DE 113 at 1355]. Defendants respond that precluding this evidence and testimony would prejudice Greenwell by allowing the jury to infer that he was involved in criminal

8

activity, and that Cottrell can instruct the jury on the proper standard under the Whistleblower Act. [DE 125 at 1488-89].

    *2. Standard*

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

    *3. Analysis*

The fact that Greenwell was indicted and acquitted of all criminal charges is relevant here under Fed. R. Evid. 401. The narrative would be incomplete without the fact of his acquittal and precluding such testimony and evidence would be unfairly prejudicial to Greenwell. Greenwell may not mislead the jury on the standard needed to prove the whistleblower claim; Cottrell may inform the jury of the relevant "good faith" standard. As a result, and based on Federal Rules of Evidence 401 and 403, Cottrell's Motion in Limine to Preclude Any Testimony that David Greenwell was acquitted [DE 113] is **DENIED**.

**H. Cottrell's Motion in Limine to Preclude Other Bad Acts Evidence. [DE 113].**

Cottrell moves to preclude "Other Bad Acts Evidence" including "any evidence of any prior criminal history of Mr. Cottrell." [DE 113 at 1356]. Defendants do not oppose this motion. Thus, Cottrell's Motion in Limine to Preclude Other Bad Acts Evidence [DE 113] is **GRANTED**.

**I. Cottrell's Motion in Limine to Preclude Defendants from Making "Hit the Lottery" Comments.  [DE 113].**

Cottrell moves to preclude Greenwell from "reference or suggestion that an award in this case will result in unjust enrichment or that Plaintiff is trying to 'hit the lottery.'"  [DE 113 at 1356].  Defendants do not oppose this motion, except Defendants preserve the right to argue mitigation of damages.  [DE 125 at 1489].  Cottrell has no objection to this opposition.  [Final Pretrial Conference Transcript 32:18-33:8].  Accordingly, Cottrell's Motion in Limine to Preclude Greenwell from Making "Hit the Lottery" comments [DE 113] is **GRANTED**.

**J. Cottrell's Objection to Defendants presenting Cottrell's Personnel File.  [DE 127].**

Cottrell objects to Defendants presenting Cottrell's personnel file "to the extent certain documents within Plaintiff's personnel file violate Plaintiff's Motions in Limine."  [DE 127 at 1494].  As discussed in the pretrial conference, the parties will discuss this motion and come to an agreement for which documents will be admitted from this file, specifically removing all documents related to Cottrell's criminal prosecution.  [Final Pretrial Conference Transcript 34:3-35:9].  As a result, Cottrell's Objection to Greenwell presenting Cottrell's personnel file [DE 127] is **DENIED AS MOOT**.

**K. Cottrell's Objection to Defendants presenting text messages sent by Cottrell to Greenwell.  [DE 127].**

Cottrell objects to Defendants presenting text messages sent by Cottrell to Greenwell because they have not been produced in discovery.  [DE 127 at 1494-95].  As ruled from the bench during the pretrial conference, Cottrell's Objection to Defendants presenting text messages sent by Cottrell to Greenwell [DE 127] is **DENIED AS MOOT.**

**L. Cottrell's Objection to Defendants presenting Mike Murdoch as a witness. [DE 127].**

Cottrell objects to Defendants presenting Mike Murdoch as a witness "to the extent that he would provide testimony related to investigations and acquittals that occurred after Cottrell's termination." [DE 128 at 1498]. As discussed in the pretrial conference, Defendants have no objection. [Final Pretrial Conference Transcript 37:9-13]. Thus, Cottrell's Objection to Defendants presenting Mike Murdoch as a witness [DE 127] is **GRANTED**.

**M. Defendants' Objection to Cottrell presenting treating physicians as witnesses. [DE 132].**

*1. Background*

Cottrell identifies three doctors, Dr. Paul McKee, Dr. Theresa M. Corrigan, and Dr. Christopher Combs as witnesses that "will testify consistently with his medical records and treatment." [DE 116 at 1368]. Defendants object to the presentation of these witnesses because they were not properly disclosed because they did not provide reports or a summary of the facts and opinions to which they were expected to testify. [DE 132-1 at 1549-53]. In his interrogatory responses, Cottrell identified his treating physicians as individuals who would have knowledge or information pertinent to his claims and referred to his medical records for contact information. [DE 129-1 at 1513]. In response to requests for expert witness disclosures, Cottrell stated that decisions had not yet been made and that his "doctors will likely testify about his treatment etc. as unretained "experts" under the Federal Rule." [*Id.*].

*2. Standard*

Fed. R. Civ. P. 37(c)(1) provides, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after

giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the order listed in Rule 37 (b)(2)(A)(i)-(vi)." "The exclusion of non-disclosed evidence is automatic and mandatory under Rule 37(c)(1) unless non-disclosure was substantially justified or harmless." *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2004).

### 3. Analysis

Expert witnesses not disclosed in conformity with Rule 26(a)(3) may not be used at trial without first obtaining leave of the Court to use them based on a showing of harmlessness or substantial justification for not disclosing them earlier. *Scheel v. Harris*, No. CIV.A. 3:11-17-DCR, 2012 WL 3879279, at *2 (E.D. Ky. Sept. 6, 2012) (citing Fed. R. Civ. P. 37(c)(1)). As discussed in the pretrial conference, Cottrell does not plan to call the identified physicians as expert witness but rather as fact witnesses. [Final Pretrial Conference Transcript 39:5-41:10]. Defendants do not object to their testimony as fact witnesses. [Final Pretrial Conference Transcript 41:13-42:5]. Defendants were on notice as to the identity of these witnesses and the facts they are expected to testify about, Cottrell's injuries and treatment, as they were disclosed in the Complaint and Interrogatories. [DE 129-1 at 1513; DE 1]. Reports are not necessary for treating physicians' factual testimony "'so long as [they do] not purport to testify beyond the scope of [their] own diagnosis and treatment.'" *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 870 (6th Cir. 2007), *as amended on denial of reh'g and reh'g en banc* (July 2, 2007) (quoting *Ridder v. City of Springfield*, 108 F.3d 1377 (6th Cir. 1997)). Therefore, any lack of report is harmless, and the identified

12

witnesses may testify as fact witnesses regarding the timeline and treatment they provided Cottrell, as long as they stay within the scope of their own diagnosis and treatment.

For these reasons, Defendants' Objection to Cottrell's Witness List [DE 132] is **GRANTED in part and DENIED in part**. Defendants' Motion to Substitute Objection to Cottrell's Pre-Trial Compliance [DE 132] is **GRANTED**. Defendants' Motion to Strike DE 130 and DE 131 [DE 133] is **GRANTED**.

### N. Defendants' Objection to Cottrell presenting Greenwell's personnel file.  [DE 132].

Defendants object to Cottrell's presentation of Greenwell's personnel file because it is not relevant. [DE 132 at 1554]. Defendants argue that, even if some portion of the approximate 248-page file was identified as relevant, the probative value of the evidence is substantially outweighed by the prejudice. [*Id.*]. As discussed at the pretrial conference, Cottrell intends to introduce, not the entire file, but rather several forms from the file. [Final Pretrial Conference Transcript 42:15-45:16]. The parties will further brief this issue. [*Id.*]. Therefore, Defendants' Objection to Cottrell presenting Greenwell's personnel file [DE 129] is **DENIED** at this time subject to further briefing.

### O. Defendants' Objection to Cottrell presenting Texts with Carol Petitt.  [DE 132].

Defendants object to Cottrell presenting "texts with Carol Petitt." [DE 132 at 1554-56]. As ruled from the bench during the pretrial conference, the Objection to Cottrell presenting Texts with Carol Petitt [DE 132] is **DENIED AS MOOT**.

### P. Defendants' Objection to Cottrell presenting Cottrell's Unemployment Appeal File.  [DE 132].

Defendants object to Cottrell introducing Cottrell's unemployment appeal file because it is irrelevant, likely to confuse the jury, and prejudicial. [DE 132 at 1556-57]. Cottrell responded at the pretrial conference that planned to use the file only for impeachment purposes and did not plan

13

to introduce the file into evidence. [Final Pretrial Conference Transcript 45:19-46:10]. The file may be used to the extent that there are inconsistent statements used for purposes of impeachment as non-hearsay under Fed. R. Evid 801(d)(1), 801(d)(2)(c), or (d), as discussed at the pretrial conference. [Final Pretrial Conference Transcript 46:3-17]. Defendants' Objection to Cottrell presenting Cottrell's Unemployment Appeal File [DE 132] is otherwise **DENIED AS MOOT** at this time.

**CONCLUSION**

For the reasons set forth above, and the Court being otherwise sufficiently advised, **IT IS HEREBY ORDERED** as follows:

(1) Defendants' Motion in Limine to Exclude Evidence of the Financial Condition of a Party, [DE 112], is **GRANTED**;

(2) Defendants' Motion in Limine to Exclude Any Reference to Liability Insurance, [DE 112], is **GRANTED**;

(3) Defendants' Motion in Limine to Exclude Any Reference to Other Claims or Lawsuits, [DE 112], is **GRANTED**;

(4) Defendants' Motions in Limine to Exclude Testimony and Evidence related to Emotional Damages and Future Lost Wages, [DE 112; DE 120], is **GRANTED**. Cottrell's Motion to Certify Questions to Kentucky Supreme Court [DE 124] is **DENIED**;

(5) Cottrell's Motion in Limine to Preclude Any Testimony or Evidence Related to Cottrell's Criminal Prosecution, [DE 113], is **GRANTED**;

(6) Cottrell's Motion in Limine to Preclude Any Testimony or Evidence Related to the Taser Incident, [DE 113], is **GRANTED**;

(7) Cottrell's Motion in Limine to Preclude Any Testimony that David Greenwell was acquitted, [DE 113], is **DENIED**;

(8) Cottrell's Motion in Limine to Preclude Other Bad Acts Evidence, [DE 113], is **GRANTED**;

(9) Cottrell's Motion in Limine to Preclude Greenwell from Making "Hit the Lottery" Comments, [DE 113] is **GRANTED**;

(10) Cottrell's Objection to Greenwell presenting Cottrell's Personnel File, [DE 127], is **DENIED AS MOOT**;

(11) Cottrell's Objection to Greenwell presenting text messages sent by Cottrell to Greenwell, [DE 127], is **DENIED AS MOOT**;

(12) Cottrell's Objection to Greenwell presenting Mike Murdoch as a witness, [DE 127], is **GRANTED**;

(13) Defendants' Objection to Cottrell presenting his treating physicians as witnesses. [DE 132], is **GRANTED in part** and **DENIED in part**.  Defendants' Motion to Substitute Objection to Cottrell's Pre-Trial Compliance [DE 132] is **GRANTED**.  Defendants' Motion to Strike DE 130 and DE 131 [DE 133] is **GRANTED**.

(14) Defendants' Objection to Cottrell presenting Greenwell's personnel file, [DE 132], is **DENIED** at this time subject to further briefing;

(15) Defendants' Objection to Cottrell presenting Texts with Carol Petitt, [DE 132], is **DENIED AS MOOT**;

(16) Defendants' Objection to Cottrell presenting Cottrell's Unemployment Appeal File, [DE 132], is **DENIED AS MOOT**.

Rebecca Grady Jennings, District Judge
United States District Court

January 31, 2022

Copes to:   Counsel of records